DE LONG HOOK & EYE CO. v. FRANCIS HOOK & EYE & FASTENER CO.

(Circuit Court of Appeals, Second Circuit. February 17, 1909.)

No. 50.

PATENTS (§ 328*)—INVENTION—HOOK AND EYE PACKAGE.

    The Richardson patent, No. 676,824, for a hook and eye package, is void for lack of invention.

    [Ed. Note.—For other cases, see Patents, Dec. Dig. § 328.*]

Appeal from the Circuit Court of the United States for the Western District of New York.

For opinion below, see 150 Fed. 597.

Cyrus N. Anderson and Joseph C. Fraley, for appellant.

Macomber & Ellis (Edmund Wetmore, of counsel), for appellee.

Before LACOMBE, COXE, and NOYES, Circuit Judges.

NOYES, Circuit Judge. This is a suit to restrain the alleged infringement of letters patent No. 676,824, issued on June 18, 1901, to Thomas De Q. Richardson for an improvement in "hook and eye packages," and now owned by the complainant.

There are two well-known types of eyes used in a hook and eye fastener. One—known as the "loop eye"—is the U-shaped form in which the eye extends from its point of attachment to the garment toward the hook in substantially the plane of the flaps of the garment to be fastened. The other—known as the "invisible eye"—consists of a bar which extends in a straight line upon the fabric, but is offset therefrom in order to receive the hook.

It is explained in the patent that as sometimes a user will require one form and eye and sometimes the other, and that as the particular form required will not ordinarily be known in advance, the patentee proposed to furnish with each package of hooks and loop eyes a number of invisible eyes, so that the purchaser might have a choice. The nature of the invention as stated in the patent is as follows:

    "In its broader aspect, my invention comprehends the application to the face of a card, upon which are mounted and secured hooks and loop eyes, of a series of what are termed 'invisible eyes.'"

Claim 1 of the patent, which is now in suit, is as follows:

    "A commercial package of hooks and eyes comprising a carrier card and a row of hooks and loop eyes, two rows of thread stitching which secures said hooks and eyes to the card, and a series of invisible eyes secured to the card by one of said rows of thread stitching, substantially as set forth."

The defenses are (1) want of invention in view of the prior art, and (2) noninfringement.

The claim in question has these elements: (1) A carrier card. (2) A row of hooks and loop eyes. (3) Two rows of thread stitching, which secure the hooks and eyes to the card. (4) A series of invisible eyes, secured to the card by one of the rows of stitching. All of these elements were old at the time of the application for the patent. The

combination, by attaching the hooks and loop eyes to the card by rows of stitching, was also old. Merely mounting the invisible eyes upon a card bearing the hooks and loop eyes obviously required no invention. If there was any novelty at all in the patent, it consisted in securing the invisible eyes to the card by the same thread with which the hooks and loop eyes were attached.

But, as stated by the complainant's own expert, the prior art showed: (a) Commercial packages, consisting of cards with hooks and one kind of eyes secured thereon by stitching. (b) Constructions wherein a single line of stitching was employed to secure two articles or materials to a third material. (c) Commercial packages, consisting of sample cards having two or more samples or articles other than hooks and eyes secured thereto by threads. While, therefore, the precise commercial package of the claim is not shown in the prior art, the state of the art was such that it required no invention to attach to the old hook and eye card another set of eyes by the old means of securing two articles by one thread; and, without any testimony of prior uses, it seems to us obvious that only ordinary mechanical skill and judgment were required to attach two kinds of eyes to a card by the same stitching when it was thought desirable to sell them together, and to use as little space as possible upon the card.

It is urged that the package of the patent went into general use. Undoubtedly it did supply a want, but that alone does not show invention.

The claim in question is held to be invalid, and, consequently, the decree of the Circuit Court is affirmed, with costs.